## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VICTOR WALTHOUR              :
                                      :
        **v.**                       :       **CIVIL ACTION NO. 22-2333**
                                        :
JOHN HERRON, ET AL.         :

---

McHugh, J.                                    **August 12, 2022**

### <u>MEMORANDUM</u>

Plaintiff is a serial litigant who has filed eight other *pro se* actions against the defendants in connection with the handling of litigation involving his incapacitated wife.  All of these actions have been dismissed.[1]  His complaints stem from Judge John Herron's decision to remove Plaintiff as co-guardian of his wife's estate, and the subsequent sale of trust property.  Plaintiff's myriad filings have attempted to skirt an order entered in 2016 that requires pre-approval for any filing by Mr. Walthour against certain defendants related to the same, repeatedly dismissed allegations.[2]

---

[1] *See Victor Walthour, Sr. v. Judge John Herron*, Case No. 2:10-cv-01495*; Victor Walthour v. John Herron*, Case No. 2:11-cv-01690; *Victor Walthour v. John Herron*, Case No. 2:13-cv-00112; *Victor Walthour v. Paul Feldman, Linda Hobkirk, and PNC Bank*, Case No. 2:15-cv-06643; *Victor Walthour v. Judge John W. Herron, Paul Feldman, Linda Hobkirk, and PNC Bank*, Case No. 2:16-cv-02162; *Victor Walthour v. Judge John W. Herron*, Case No. 2:17-cv-05197; *Victor Walthour v. City of Philadelphia, John W. Herron, Paul Feldman, Linda Hobkirk, and PNC Bank*, Case No. 2:20-cv00068; and *Victor Walthour v. City of Philadelphia, PNC Bank, John W. Herron, Paul Feldman, Dean E. Weisgold, G. Michael Green*., Case No. 2:21-cv-02779.  Mr. Walthour also filed actions against the Honorable Mark A. Kearney captioned *Victor Walthour v. Mark A. Kearney*, Case No. 2:17-cv-04951 and the Honorable C. Darnell Jones, II captioned *Victor Walthour v. C. Darnell Jones, II*, Case No. 2:16-cv-01530, alleging violations of his constitutional rights related to the disposition of his cases.

[2] Specifically, Judge Kearney's Order provides, "Having found Mr. Walthour is continually abusing the judicial process by filing meritless and repetitive actions, absent leave granted by this Court upon Mr. Walthour's showing of good cause before filing another action, Mr. Walthour may not file further lawsuits based upon his allegations against the Defendants named in this case [Herron, Feldman, Hobkirk, and PNC Bank] relating to the March 24, 2010 Order." *Walthour v. Herron, et al.,* Case No. 2:16-cv-02162, ECF 29 (Sept. 22, 2016).

He now returns with yet another meritless suit arising out of the same events, alleging that the Defendants used fraudulent documents to deprive him of a fair trial in connection with the sale of property and eviction of Plaintiff therefrom in violation of 42 U.S.C. § 1983, seeking damages of "20 million a year times the number of years" from each Defendant.  Compl. at 1, 5, ECF 1.[3] This Complaint suffers from the same defects noted in prior opinions, a number of which have deemed his filings frivolous and malicious.  *See, e.g.*, *Walthour v. Herron,* No. 16- 2162, 2016 WL 5339582, at *6 (E.D. Pa. Sept. 22, 2016), *aff'd*, 720 Fed. Appx. 130 (3d Cir. 2017); *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Dec. 22, 2015).

Defendants PNC Bank, Dean E. Weisgold, Paul Feldman, the Honorable G. Michael Green, and the Honorable John W. Herron all move to dismiss under Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6).  I will grant these motions and dismiss Plaintiff's claims with prejudice.

## I.     Standard of Review

A facial challenge under Fed. R. Civ. P. 12(b)(1), as here, contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true."  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (cleaned up).  The well-established standard elucidated in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) governs motions to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[3] The substance of this Complaint appears to be nearly identical to a complaint that Plaintiff previously filed, which was dismissed. *See Victor Walthour v. City of Philadelphia, et al.*, Case No. 2:20-cv-00068, ECF 1 at 3 (alleging that the defendants conspired "to forge documents to sale [sic] property Mr. Walthour won in settlement").

Plaintiff also attaches to his Complaint a portion of Judge Herron's September 11, 2006, Orphans' Court Order related to his wife, as well as a January 2013 Verdict and Judgment Order entered by Judge Green against Plaintiff in a civil dispute between Plaintiff and PNC Bank.  These are the same documents that Plaintiff attached to a different complaint that was previously before me, which I dismissed with prejudice, a decision recently affirmed by the Third Circuit.  *Walthour v. City of Philadelphia,* No. 21-2779, 2021 WL 3617164 (E.D. Pa. Aug. 13, 2021), *aff'd,* No. 21-2694, 2022 WL 1599324 (3d Cir. May 20, 2022).

## II.    <u>Discussion</u>

Mr. Walthour's claims arise under § 1983 and allege that the Defendants "used fraudulent document to deprive [him] of a fair trial."  Compl. at 3.  To establish a claim under §  1983, a plaintiff "must establish that conduct complained of was committed by person acting under color of state law, and that conduct deprived person of his rights, privileges, or immunities secured by Constitution of the United States."  *Jones v. Chieffo*, 833 F. Supp. 498, 503 (E.D. Pa. 1993), *aff'd* 22 F.3d 301 (3d Cir. 1994) (internal numbering omitted).  Plaintiff does not plead any facts raising the inference that PNC Bank, Dean Weisgold, and Paul Feldman acted under color of state law, which is fatal to his § 1983 claims.  *Benn v. Universal Health Sys., Inc*., 371 F.3d 165, 169-70 (3d Cir. 2004); *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999).

Plaintiff's § 1983 claims against Judge Herron and Judge Green are also without merit.  As multiple earlier *Walthour* matters have noted, a judge is immune from suit in his personal capacity unless "he has acted in the clear absence of all jurisdiction."  *Walthour v. Herron*, No. 10-01495, 2010 WL 1877704, at *5 (E.D. Pa. May 6, 2010) (internal citations and punctuation omitted); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978) (explaining that, absent circumstances that are not present here, judges are not civilly liable for judicial acts); *see also Walthour v. City of Philadelphia*, No. 21-2694, 2022 WL 1599324, at *1 (3d Cir. May 20, 2022) (non-precedential) (affirming dismissal with prejudice and reiterating that judicial defendants are entitled to absolute immunity).  Mr. Walthour alleges that Judge Herron deprived Plaintiff of a "fair trial."  There are no specific allegations against Judge Green.  These vague allegations relate to action taken as part of their judicial duties, and there is nothing to suggest that they acted in absence of jurisdiction.  Moreover, Plaintiff is also barred from suing Judge Green and Judge Herron in their official capacities, as such a suit would constitute a claim against the state.  *See Will v. Michigan Dep't of*

*State Police*, 491 U.S. 58, 64, 70–71 (1989) (holding that an entity with Eleventh Amendment immunity is not a "person" within the meaning of Section 1983); *Reiff v. Philadelphia Cnty. Ct. of Common Pleas*, 827 F. Supp. 319, 323 (concluding that the Court of Common Pleas for Philadelphia County is entitled to Eleventh Amendment sovereign immunity).

In addition, Plaintiff's claims against the Defendants are barred by the doctrine of *res judicata*, which is applicable when there has been a final judgment on the merits, between the same parties, and based upon the same cause of action as in the previous suit. *See Elkadrawy v. Vanguard Group Inc.*, 584 F.3d 169, 172 (3d Cir. 2009). Those factors are satisfied here, as the Court has previously dismissed the same allegations against the same defendants for failure to state a claim. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). To the extent that Walthour raised any new legal theories in this Complaint, he could have presented them in a previous complaint; thus, any such claim is barred. *See Churchill v. Star Enters.*, 183 F.3d 184, 195 (3d Cir. 1999).

Dismissal is with prejudice, as amendment would be futile under the circumstances of this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

As I previously noted, "Mr. Walthour's continued frivolous filings indicate that stronger protections to prevent abuse of the court system are warranted, and that he is risking sanctions." *Walthour,* 2021 WL 3617164 at *2 (citing *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) (stating that a court may impose sanctions where "the filing of the complaint constituted abusive litigation or misuse of the court's process"); *Calesnick v. Redevelopment Authority of City of Philadelphia*, 696 F.Supp. 1053, 1056 (E.D. Pa. 1988) (sanctioning *pro* se plaintiffs and enjoining future litigation)). An order broadening Judge Kearney's existing prohibition against Mr. Walthour's improper use of the courts is warranted and will be entered in due course.

### III.     Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss will be granted, and Plaintiff's claims will be dismissed with prejudice.  An appropriate order follows.


                                                        s/Gerald Austin McHugh
                                                        United States District Judge