# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR WALTHOUR** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-2333** |
| | : | |
| **JOHN HERRON, ET AL** | : | |

**McHUGH, J.**                                                                                               **September 28, 2022**

## MEMORANDUM

In this Memorandum, the Court explains why it will enjoin Victor Walthour from filing any new cases in the United States District Court for the Eastern District of Pennsylvania that: (1) name John W. Herron or other defendants named in this case; and (2) raise any claim related to the decision by the Honorable John W. Herron to remove Mr. Walthour as his wife's co-guardian, any claim concerning the sale of Trust property, or any claim related to the judicial dispositions complained of in this case.

**I.**     **Walthour's Litigation History:**

As previously described in my Order to Show Cause, ECF 20, Victor Walthour is a serial litigant who has filed eight other actions against some or all of the defendants named in this case.[1]

---

[1] *See Victor Walthour, Sr. v. Judge John Herron*, Case No. 2:10-cv-01495*; Victor Walthour v. John Herron*, Case No. 2:11-cv-01690; *Victor Walthour v. John Herron*, Case No. 2:13-cv-00112; *Victor Walthour v. Paul Feldman, Linda Hobkirk, and PNC Bank*, Case No. 2:15-cv-06643; *Victor Walthour v. Judge John W. Herron, Paul Feldman, Linda Hobkirk, and PNC Bank*, Case No. 2:16-cv-02162; *Victor Walthour v. Judge John W. Herron*, Case No. 2:17-cv-05197; *Victor Walthour v. City of Philadelphia, John W. Herron, Paul Feldman, Linda Hobkirk, and PNC Bank*, Case No. 2:20-cv00068; and *Victor Walthour v. City of Philadelphia, PNC Bank, John W. Herron, Paul Feldman, Dean E. Weisgold, G. Michael Green*., Case No. 2:21-cv-02779. Mr. Walthour also filed actions against the Honorable Mark A. Kearney captioned *Victor Walthour v. Mark A. Kearney*, Case No. 2:17-cv-04951 and the Honorable C. Darnell Jones, II captioned *Victor Walthour v. C. Darnell Jones, II*, Case No. 2:16-cv-01530, alleging violations of his constitutional rights related to the disposition of his cases.

The cases all pertain to the handling of a Philadelphia Court of Common Pleas Orphans' Court case related to his incapacitated wife, specifically the decision by the Honorable John W. Herron to remove Mr. Walthour as co-guardian, as well as the subsequent sale of Trust property that was held for his wife's residence until she was moved to a nursing facility.  All of these actions have been dismissed.  I recently granted a Motion to Dismiss in the instant case, deeming his claims to be yet another meritless suit arising out of the same events.[2]  Plaintiff is already subject to an existing prohibition on filing in the Eastern District of Pennsylvania by Judge Kearney entered in 2016, yet he continues to file meritless litigation related to the same, repeatedly dismissed allegations.[3]  The Court has previously warned Mr. Walthour that his "continued frivolous filings indicate that stronger protections to prevent abuse of the court system are warranted, and that he is risking sanctions."  *Walthour,* 2021 WL 3617164 at *2.

**II.    Discussion:**

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation."  *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts."  *Brow*, 994 F.2d at 1038.  The United States Court of Appeals for the Third Circuit

---

[2] In response to this most recent dismissal, Plaintiff filed a letter which states in part, "it was a PROCEDURAL DEFECT IN THE HEARING TO EVICT ME.  Get off the bench.  Dumbass it's not valid.  So yes I keep filing."  ECF 18.  This indicates that Mr. Walthour intends to continue to file litigation related to the same sequence of events and that a pre-filing injunction is warranted.

[3] Specifically, Judge Kearney's Order provides, "Having found Mr. Walthour is continually abusing the judicial process by filing meritless and repetitive actions, absent leave granted by this Court upon Mr. Walthour's showing of good cause before filing another action, Mr. Walthour may not file further lawsuits based upon his allegations against the Defendants named in this case [Herron, Feldman, Hobkirk, and PNC Bank] relating to the March 24, 2010 Order."  *Walthour v. Herron, et al.*, Case No. 2:16-cv-02162, ECF 29 (Sept. 22, 2016).

has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.*  First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989).  Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).  Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

Here, Plaintiff's serial repetitive complaints in federal court cause the expenditure of countless resources, judicial and otherwise, and established a preliminary showing of abuse of the judicial process.  For this reason, Walthour was ordered to show cause as to why the court should not, due to his pattern of conduct, impose a narrowly tailored pre-filing injunction prohibiting him from filing any new cases in the United States District Court for the Eastern District of Pennsylvania that:

1. name John W. Herron or other defendants named in this case; and
2. raise any claim related to the decision by the Honorable John W. Herron to remove Mr. Walthour as his wife's co-guardian, any claim concerning the sale of Trust property, or any claim related to the judicial dispositions complained of in this case.

The Order informed Walthour that, should the injunction be entered, it would direct the Clerk of Court not to file any complaint meeting these criteria received from Walthour, but rather return said complaint to Walthour with a copy of the injunction order.  This injunction is narrowly tailored

because it fits the particular factual circumstances of the case and does not prevent Walthour from filing a complaint raising unrelated claims.

Walthour has filed a letter in response to the Show Cause Order. ECF 21. In his letter, Walthour offers no cogent reason why the proposed injunction should not be entered.

First, Walthour's letter raises the same arguments related to the merits of the claims brought in his myriad lawsuits. He again challenges his removal as guardian and renews the allegations raised in the underlying complaint here and several other cases—all of which have previously been dismissed—that his removal was accomplished through the use of fraudulent paperwork. Letter at 1, ECF 21. He also repeats his allegations of conspiracy related to his removal as guardian and the sale of trust property. *Id*. This recitation, rather than being responsive to the Show Cause Order, provides yet another example of Walthour attempting to re-litigate the same claims that have previously been dismissed and supports the conclusion that the injunction is warranted.

While difficult to decipher, Walthour's next argument boils down to a claim that he is being forced to continue to file the same claims because his filings continue to be dismissed. He primarily seems to object to a dismissal entered by Judge C. Darnell Jones II in 2015 in *Victor Walthour v. Paul Feldman, Linda Hobkirk, and PNC Bank*, Case No. 2:15-cv-06643.[4] Judge Jones entered a final Order dismissing his claims on the merits. Walthour's Motion for Reconsideration in that case was denied. *See* ECF 7. Plaintiff did not challenge these legal determinations through an appeal to the United States Court of Appeals for the Third Circuit. He may not do so now under

---

[4] Specifically, Walthour states that, "If judge C. Darnell Jones didn't refuse to review if October comes before September in 2015 I would not have had to file in 2016. Judge Kearney's order was based on C. Darnell Jones's order from 2015 which enforces a procedural defect in itself since C. Darnell Jones didn't give me a fair hearing himself if he didn't review the facts of my complaint. Because C. Darnell Jones refused to review it doesn't mean it stopped being ultra vires." Letter at 4.

4

the guise of responding to the Order to Show Cause.[5]  Walthour's apparent and incorrect belief that the dismissal of his claims forces him to refile them also supports the conclusion that the injunction is warranted.

Finally, I note that Walthour's letter discusses a legal principle, *ultra vires,* but that doctrine provides no grounds for cause as to why an injunction should not be entered.  He challenges Judge Jones' decision as being "ultra vires in itself."  Letter at 8.  Ultra Vires means "[u]nauthorized; beyond the scope of power allowed or granted . . . by law."  Black's Law Dictionary (11th ed. 2019).  But Walthour is not challenging Judge Jones' jurisdiction to have heard his case, but rather, the outcome of his case.  *See* Letter at 8 ("To not know what a state actor is and dismiss a complaint based on that means you are applying governmental policy in a wrong way which is ultra vires in itself.").  Thus, the *ultra vires* doctrine does not apply.  "A court's power to decide a case is independent of whether its decision is correct, which is why even an erroneous judgment is entitled to res judicata effect.  Put differently, a jurisdictionally proper but substantively incorrect judicial decision is not ultra vires."  *City of Arlington v. FCC*, 569 U.S. 290, 297 (2013).  *The ultra vires* doctrine does not, as Walthour's letter seems to suggest, provide grounds to overcome judicial immunity, allow a court to revisit prior judicial opinions in subsequent cases, or show  cause why Walthour should not be enjoined from continuing to raise the same claims.

---

[5] Walthour also previously filed a claim against Judge Jones personally on the grounds that Judge Jones violated his constitutional rights in dismissing his case. *See Victor Walthour v. C. Darnell Jones, II*, Case No. 2:16-cv-01530.  Plaintiff's Complaint against Judge Jones was dismissed because his claims were "clearly barred by judicial immunity" and "legally baseless." Opinion at 2, *Victor Walthour v. C. Darnell Jones, II*, Case No. 2:16-cv-01530, ECF 6.  The court also noted that, "If Plaintiff was dissatisfied with Judge Jones's ruling, he was entitled in appeal to the Third Circuit Court of Appeals." *Id.*

Ultimately, Walthour's unwavering belief in the underlying merits of his cases—all of which have been dismissed—does not change the fact that this Court has had to repeatedly dismiss his attempts to litigate the same meritless claims. This is an abuse of the judicial process.

### III.    Conclusion:

Finding that no good cause has been shown, and for the foregoing reasons, the Court enjoins Victor Walthour from filing any new cases in the United States District Court for the Eastern District of Pennsylvania that: (1) name John W. Herron or two of the other defendants named in this case; and (2) raises any claim related to the decision by the Honorable John W. Herron to remove Mr. Walthour as his wife's co-guardian, as well as any claim concerning the sale of Trust property, or any claim related to the judicial dispositions complained of in this case. Walthour may not file any further papers that fall within these criteria either by submitting them to the Clerk of Court or to the email address of the undersigned.

This injunction is appropriate because Walthour has continually abused the judicial process, has been afforded notice of the potential injunction, and been afforded an opportunity to oppose the Court's proposed Order. The injunction is narrowly tailored to fit the specific circumstances of this case since Walthour is not prevented from filing complaints as to unrelated claims. An Order follows that directs the Clerk of Court to refuse to accept for filing any submissions that fall within these criteria, but instead to return the submission to Walthour with a copy of the injunction Order. The Clerk may accept for filing a notice of appeal of this Order.

  /s/ Gerald Austin McHugh  
United States District Judge